

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-88,770-01 AND -02

### EX PARTE JAVARUSE RAYMONE HARDY, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. W13-14092-I(A) AND W13-14121-I(A) IN THE CRIMINAL DISTRICT COURT NUMBER TWO FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two separate aggravated robbery offenses and he was sentenced to twenty-four years' imprisonment in each cause. The Eighth Court of Appeals affirmed his convictions. *Hardy v. State*, Nos. 08-14-00044-CR and 08-14-00045-CR (Tex. App.—El Paso Feb. 14, 2015) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because he failed to

call favorable witnesses to testify during sentencing in these cases. Applicant has provided several sworn affidavits in support of his claim for relief.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

The record reflects that Applicant is currently represented by counsel. However, if this is no longer true, and if the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

3

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: September 12, 2018
Do not publish